O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUBREY WINN, | ) | NO. EDCV 06-0962-CT |
| Plaintiff, | ) | OPINION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

**CURRENT PROCEEDINGS**

On September 6, 2006, plaintiff, Aubrey Winn ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). Subsequently, the parties filed a consent to proceed before the magistrate judge. On December 18, 2006, plaintiff filed a brief in support of remand or reversal. On January 12, 2007, the Commissioner filed a brief in opposition.

**SUMMARY OF ADMINISTRATIVE RECORD**

### 1. Current Proceedings[1]

On April 9, 2002, plaintiff filed an application for disability insurance benefits, alleging disability since May 1, 1999[2], due to lower and upper back problems. (TR 94-97, 155).[3] The application was denied initially and upon reconsideration, (TR 70-73, 76-79), and after a hearing before an ALJ. (TR 12-17). Plaintiff sought judicial review of the denial of benefits in this court in case number EDCV 03-833-MC and, pursuant to a stipulation between the parties, the case was remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (TR 438-41). After another hearing and adverse administrative decision on remand (TR 413-17), plaintiff again sought judicial review of the decision in case number EDCV 05-00173-CT. The matter was again remanded pursuant to the parties' stipulation. (TR 541-45).

After the court remand, the Appeals Council issued an order remanding the case to an ALJ with directions to (1) obtain the medical

---

[1] Plaintiff previously has filed a number of applications for benefits under the Act. (See TR 533). He was found disabled for the period from March 29, 1990 until May 1995, when it was determined that plaintiff's condition had medically improved. (Id.) Plaintiff appealed the cessation of benefits but the cessation determination was upheld by an ALJ and the Appeals Council. (Id.) He subsequently filed two additional applications on March 27, 2000 and April 6, 2001, both of which were denied at the initial level of adjudication and not further pursued. (TR 532). In this case, plaintiff does not challenge the determinations on his prior applications for benefits.

[2] Plaintiff subsequently amended his application to allege a disability onset date of November 2, 1998. (See TR 414, 424).

[3] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

records from the Department of Veterans' Affairs ("VA") upon which they determined that the plaintiff was disabled and evaluate according to Ninth Circuit case law; (2) evaluate the plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 C.F.R. § 404.1529) and pertinent circuit caselaw and Social Security Ruling ("SSR") 96-7p; and, (3) evaluate the plaintiff's earnings after alleged onset. (TR 547).

On January 30, 2006, a supplemental administrative hearing was held. (TR 645-86). Plaintiff attended the hearing with his attorney and testified. A medical expert ("ME") and a vocational expert ("VE") also testified. On April 27, 2006, an ALJ issued a decision that plaintiff was not disabled under the Act because, from plaintiff's alleged November 2, 1998 disability onset date through his last insured date of June 30, 1999, plaintiff retained the residual functional capacity ("RFC") to perform a limited range of light work activity and was able to perform his past relevant work. (TR 532-40). Thus, plaintiff was not eligible for benefits. (Id.) Plaintiff did not seek administrative review of the decision and, therefore, the ALJ's decision stands as the final decision of the Commissioner.

Plaintiff now seeks judicial review in this court.

**2. Summary Of The Evidence**

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

**PLAINTIFF'S CONTENTIONS**

Plaintiff contends as follows:

1. The ALJ failed to comply with the Appeals Council's order

```
           requiring him to properly consider the basis for the Department
           of Veterans Affairs' ("VA") determination of disability;
2.    The ALJ failed to make proper credibility findings; and,
3.    While the ALJ summarily concluded that plaintiff can return to
           his past relevant work, the ALJ did not provide specific findings
           or analysis regarding physical or mental demands of the work, as
           required by SSR 82-62.
```

**STANDARD OF REVIEW**

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g).

**DISCUSSION**

**1.   The Sequential Evaluation**

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial

4

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, it is determined whether the person is engaged in "substantial gainful activity."  If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments.  If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.  If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.  The person is entitled to benefits only if the person is unable to perform other work.  20 C.F.R. §§404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

**2.   Issues**

### A. VA Disability Determination

Plaintiff contends that the ALJ failed to properly consider the VA's apparent disability determination. Specifically, plaintiff contends that in considering the VA determination, the ALJ failed to comply with the Appeals Council's remand order by obtaining the medical records from the VA upon which they determined that the plaintiff was disabled and evaluating the VA's determination according to Ninth Circuit case law.

Although a VA rating of disability does not necessarily compel the Social Security Administration ("SSA") to reach an identical result, the ALJ must consider the VA's finding of disability in reaching his decision and must ordinarily give the VA's finding "great weight." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). However, "[b]ecause the VA and SSA criteria for determining disability are not identical, . . . the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. (citing Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001)(ALJ need not give great weight to a VA rating if he "adequately explain[s] the valid reasons for doing so")).

Here, the ALJ considered that the VA had made a disability determination. (TR 540). However, the ALJ found that the VA's disability determination was not entitled to substantial weight because it was made significantly after plaintiff was last insured for disability insurance benefits. (TR 540). This is a specific, valid and persuasive reason that is supported by the record.

As the ALJ discussed, the records from the November 1998 to June

1999 time period, show that plaintiff had surgery on his lower back in 1997 and was doing well until he was in a motor vehicle accident in November of 1998. (TR 240, 249). After the accident, he experienced neck and shoulder pain, which progressively got worse, prompting him to see a doctor in June of 1999, right before the date he was last insured. (TR 249). At that time, plaintiff made no complaints of back pain and reported "no radiation of pain, numbness or paresthesis down the lower extremity." (Id.) He did complain of constant "minimal to moderate" neck and shoulder pain, but denied bowel or bladder symptoms. (Id.) Subsequently, his symptoms worsened and the doctor stated the plaintiff was "temporarily totally disabled for two weeks."[4] (TR 229, 316). In August of 1999 his doctor recommended neck surgery, but made no findings as to disability. (TR 223-226). The surgery was canceled after plaintiff reported that his arm pain had disappeared. (TR 222). On September 22, 1999, plaintiff reported that his neck pain had improved, but his lower back pain had worsened and his doctor recommended physical therapy and made no disability recommendation. (TR 218-21).

In May of 2001, plaintiff was referred to a neurologist for evaluation for possible neck surgery after plaintiff's neurologic problems had progressed. (TR 316). Neck surgery was performed on June 27, 2001. (TR 309-313). Plaintiff's surgeon recommended that he stay off any work until September of 2001. (TR 314). Plaintiff was examined consultatively on July 22, 2001. The consultative examiner

---

[4]Temporary total disability is not a social security term and plaintiff's doctor gave no opinion as to whether plaintiff's condition rendered him "disabled" as that term is defined by the Act.

found that plaintiff was temporarily precluded from working due to his recent surgery.  (TR 328).

Thus, the record indicates that plaintiff's symptoms after the November 1998 car accident were related primarily to his neck and worsened after June of 1999 when plaintiff was last insured. Accordingly, the record supports the ALJ's determination that the VA disability finding, made significantly after plaintiff was last insured and after plaintiff's condition had worsened, is not entitled to significant weight.

The ALJ also found that the VA decision was not entitled to significant weight because the VA records obtained do not indicate to what extent plaintiff was found disabled or the impairment upon which the VA determination was based.[5]  (TR 540).  The ALJ noted that plaintiff had failed to submit the VA's disability decision as evidence despite being invited to submit additional evidence in support of his claim.  Plaintiff contends, however, that the ALJ failed to follow the directive of the Appeals Council to obtain the evidence upon which the VA determination was based.

The ALJ adequately complied with the Appeals Council's remand order and his duty to develop the record.  The ALJ considered the medical records in the administrative record, which include medical records from his treating physicians during the relevant time period of November of 1998 through June of 1999.  (See TR 236-288).  In addition, on May 9, 2002, the Commissioner requested that the VA/Loma

---

[5] According to the Loma Linda VA Medical Center records, on February 1, 2002, plaintiff brought his disability papers to be signed by his doctor at the Loma Linda VA Medical Center for chronic neck and low back pain.  (TR 354).

8

1  Linda provide plaintiff's relevant medical records from May 1999 to
2  the present.  (TR 350).  The request also sought "a statement, based
3  on your medical findings, expressing your opinion about the
4  [plaintiff's] ability, despite functional limitations imposed by the
5  impairment(s) to do work-related physical and/or mental activities as
6  appropriate."  (Id.)  The facility provided records in response.  The
7  record also contains additional records from the VA through 2005.
8  (See TR 381-644).  Plaintiff did not submit evidence of the existence
9  of additional relevant medical records that the ALJ could have
10 obtained.
11     Moreover, while the ALJ has a duty to fully and fairly develop
12 the record, plaintiff has the burden of establishing a prima facie
13 case of disability.  Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir.
14 2001).  Plaintiff was given opportunities to submit a copy of the VA
15 decision before and at the hearing.  Before the hearing, the ALJ
16 informed plaintiff: "If there is more evidence you want to submit, get
17 it to me right away. If you cannot get the evidence to me before the
18 hearing, bring it to the hearing."  (TR 559).  At the hearing, the ALJ
19 asked plaintiff's counsel if plaintiff had any additional evidence to
20 submit and counsel replied, "no."  (TR 648).
21     The ALJ's consideration of the VA disability determination was
22 free from material error and supported by substantial evidence.

23            **B.   Credibility Findings**

24     Plaintiff also contends that the ALJ failed to properly evaluate
25 his credibility.
26     To reject a plaintiff's subjective complaints, the ALJ "must
27 provide cogent reasons for the disbelief." Greger v. Barnhart, 464
28

9

F.3d 968, 972 (9th Cir. 2006)(quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)).  In the absence of evidence of malingering, the ALJ's reasons for rejecting plaintiff's testimony "must be clear and convincing."  Id. (quoting Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).  Moreover, when an ALJ "finds that a [plaintiff's] testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive."  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)(citation omitted).  In making a credibility determination the ALJ "must specifically identify what testimony is credible and what testimony undermines the [plaintiff's] complaints.  In this regard, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary."  Id. (Citations omitted).

In assessing plaintiff's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering plaintiff's reputation for truthfulness and any inconsistent statements in plaintiff's testimony.  Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001)(citation omitted).

Here, the ALJ complied with these requirements and gave a number of reasons for finding plaintiff's allegations concerning his pain and limitations not entirely credible.  For example, the ALJ noted that plaintiff received only conservative care during the relevant period and, although neck surgery was originally recommended just after the date plaintiff was last insured, surgery was cancelled when plaintiff's relevant symptoms disappeared and plaintiff was continued on conservative treatment.  See Johnson v. Shalala, 60 F.3d 1428, 1434

1  (9th Cir. 1995)(conservative treatment a valid basis for discounting
2  the credibility of allegations of disabling pain or limitations).
3  Another example relied upon by the ALJ was plaintiff's lack of candor
4  with his VA doctors when he claimed he could not repay a loan for
5  truck driving school because he had not been able to work since 1989,
6  but failed to mention that he had been working as a caregiver. (See,
7  e.g., TR 465, 563, 673 (worked as a caregiver for 8-9 hours a day for
8  10 months in 2004)). The ALJ also pointed to periods in which
9  plaintiff had pending applications for benefits, but was working.
10 (See, e.g., TR 45-53, 119, 168, 567 (working while August 22, 1997
11 unfavorable decision pending in Appeals Council)).
12      The ALJ's consideration of plaintiff's credibility was free from
13 material error and supported by substantial evidence.

### C.  Past Relevant Work

At step four, plaintiff has the burden of showing that he could no longer perform his past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). Nonetheless, the ALJ had the duty "to make the requisite factual findings to support his conclusion." Id. This duty required the ALJ to examine plaintiff's "'residual functional capacity and the physical and mental demands' of [plaintiff's] past relevant work." Id. at 844-45 (quoting 20 C.F.R. §§ 404.1520(e), 416.920(e)). Plaintiff must be able to perform his past relevant work *either* as actually performed or as generally performed in the national economy. Id. at 845 ("[w]e have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed") (emphasis in original).

11

1    "The Social Security Regulations provide that the ALJ may draw on
2 two sources of information to define [plaintiff's] past relevant work
3 as actually performed: (1) [plaintiff's] own testimony, and (2) a
4 properly completed vocational report." Lewis v. Barnhart, 281 F.3d
5 1081, 1083 (9th Cir. 2002) (citing Pinto v. Massanari, 249 F.3d at
6 845). "In assessing [plaintiff's] testimony, the ALJ is responsible
7 for determining credibility and resolving conflicts and ambiguities."
8 Id. at 1083-84 (citing Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.
9 1999)).
10   Here, the ALJ relied on the testimony of the VE that plaintiff
11 could perform his past relevant work as a production crew member and
12 labor material handler. (TR 540). In so testifying, the VE properly
13 considered plaintiff's description of his past jobs in the record.
14 (TR 567, 671-76). Plaintiff's descriptions of the past jobs that the
15 ALJ found he could perform do not indicate demands that exceed
16 plaintiff's RFC. (See TR 99, 146, 148, 671-72). Plaintiff contends
17 that the ALJ failed to make the appropriate findings with respect to
18 all the mental and physical demands of plaintiff's past jobs.
19 However, plaintiff submitted no evidence that his past relevant work
20 required plaintiff to perform tasks beyond his RFC.
21   The ALJ's determination that plaintiff could perform his past
22 relevant work is free from material legal error and supported by
23 substantial evidence in the record.

## CONCLUSION

25   If the evidence can reasonably support either affirming or
26 reversing the Commissioner's conclusion, the court may not substitute
27 its judgment for that of the Commissioner. Flaten v. Secretary of

1 | <u>Health and Human Services</u>, 44 F.3d at 1457.
2 |     After careful consideration of the record as a whole, the
3 | magistrate judge concludes that the Commissioner's decision is
4 | supported by substantial evidence and is free from material legal
5 | error.  Accordingly, it is ordered that judgment be entered in favor
6 | of the Commissioner.
7 | DATED: January 29, 2007

*CAROLYN TURCHIN*
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

13